**Todd M. Friedman (216752)**
**Law Offices of Todd M. Friedman, P.C.**
**369 S. Doheny Dr. #415**
**Beverly Hills, CA 90211**
**Phone: 877 206-4741**
**Fax: 866 633-0228**
tfriedman@attorneysforconsumers.com
**Attorney for Plaintiff**

FILED

2009 DEC 18  P 3: 25

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA.-SAN JOSE

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MCKAIN, | ) Case No. **C09 05952 HRL** |
| Plaintiff, | ) **COMPLAINT FOR VIOLATION** |
| | ) **OF FEDERAL FAIR DEBT** |
| vs. | ) **COLLECTION PRACTICES ACT,** |
| | ) **ROSENTHAL FAIR DEBT** |
| FMA ALLIANCE, LTD., | ) **COLLECTION PRACTICES ACT,** |
| | ) **AND INVASION OF PRIVACY** |
| Defendant. | ) |
| | ) |

## I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code § 1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for

invasion of privacy arising from intrusion upon seclusion and public disclosure of private facts.

## II. JURISDICTION

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3.     Plaintiff, Charles McKain ("Plaintiff"), is a natural person residing in Santa Clara county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal Civ Code 1788.2(h).

4.     At all relevant times herein, Defendant, FMA ALLIANCE, LTD. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code § 1788.2(f).   Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and RFDCPA, Cal Civ Code § 1788.2(c).

## IV. FACTUAL ALLEGATIONS

5.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

1  Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways,

2  including but not limited to:

3

4

5      a) Causing a telephone to ring repeatedly or continuously
          to annoy Plaintiff (Cal Civ Code § 1788.11(d)),
6          including, but not limited to, calling Plaintiff more than
           twice a day;
7      b) Causing Plaintiffs telephone to ring repeatedly or
8          continuously with intent to harass, annoy or abuse
           Plaintiff (§ 1692d(5)), including, but not limited to,
9          calling Plaintiff more than twice a day;
10     c) Communicating, by telephone or in person, with
11         Plaintiff with such frequency as to be unreasonable and
           to constitute an harassment to Plaintiff under the
12         circumstances (Cal Civ Code § 1788.11(e)), including,
13         but not limited to, calling Plaintiff more than twice a
           day;
14     d) Communicating with Plaintiff at times or places which
15         were known or should have been known to be
16         inconvenient for Plaintiff, (§ 1692c(a)(1)); and
17     e) Where Defendant had not yet made an attempt to
           contact Plaintiff's counsel or had not given Plaintiff's
18         counsel sufficient time to respond to the initial attempt
           to communicate with Plaintiff's counsel, and where
19         Plaintiff's counsel had not given Defendant permission
20         to contact Plaintiff directly, communicating with
21         Plaintiff directly after learning that Plaintiff is being
           represented by counsel (§ 1692c(a)(2), including, but
22         not limited to, continuing to call Plaintiff after counsel
23         sent a letter to Defendant dated November 9, 2009.

24

25     6.    Defendant's aforementioned violations of the FDCPA and RFDCPA

26

27  also constitute an intentional intrusion into Plaintiff's private places and into

28  private matters of Plaintiff's life, conducted in a manner highly offensive to a

reasonable person.  Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

7.    Defendant's aforementioned disclosure of facts regarding Plaintiff's debt to third parties constitutes a public disclosure of a private fact not of legitimate public concern.  Defendant's disclosures were highly offensive to a reasonable person.

8.    As a result of the above violations of the FDCPA, RFDCPA and invasion of privacy, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

9.    Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

B.    Actual damages;

C.    Statutory damages;

D.      Costs and reasonable attorney's fees; and,

E.      For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

10.     Plaintiff reincorporates by reference all of the preceding paragraphs.

11.     To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.      Declaratory judgment that Defendant's conduct violated the RFDCPA;

B.      Actual damages;

C.      Statutory damages for willful and negligent violations;

D.      Costs and reasonable attorney's fees,

E.      For such other and further relief as may be just and proper.

## COUNT III: COMMON LAW INVASION OF PRIVACY BY INTRUSION AND INVASION OF PRIVACY BY PUBLICATION OF PRIVATE FACTS

12.     Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.   Actual damages

B.   Punitive Damages; and,

C.   For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 14th day of December, 2009.

By: _____

**TODD M. FRIEDMAN (216752)**
**LAW OFFICES OF TODD M.**
**FRIEDMAN, P.C.**
**369 S. Doheny Dr. #415**
**Beverly Hills, CA 90211**
**Phone: 877 206-4741**
**Fax: 866 633-0228**
**tfriedman@attorneysforconsumers.com**
**Attorney for Plaintiff**

Complaint - 6